UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

---

HECTOR ALMAZAN, : CASE NO. 4:18-cv-00342

    Petitioner, : OPINION & ORDER
: [Resolving Docs. 1, 7]
vs. :

WARDEN SHAE HARRIS, :

    Respondent. :

---

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

Petitioner Hector Almazan is presently serving a life sentence without the possibility of parole after an Ohio jury found him guilty of aggravated murder, murder, kidnapping, felonious assault, and domestic violence.[1]

Under 28 U.S.C. § 2254, Almazan filed a *pro se* petition for a writ of habeas corpus.[2] Warden Shae Harries returned. Petitioner filed a traverse.

For the following reasons, the Court **DENIES** Almazan's habeas corpus petition.

I.     Background

On September 17, 2014, an Ohio grand jury indicted Petitioner on two counts of aggravated murder, one count of murder, one count of kidnapped, two counts of felonious assault, and one count of domestic violence.[3] After a trial, a jury found Petitioner guilty on all counts.

---

[1] Doc. 20.
[2] Docs. 1, 7. Petitioner also filed a supplement in support of his petition. Doc. 24-1.
[3] Doc. 20-2 at 1–3.

Case No. 4:18-cv-00342
GWIN, J.

On September 2, 2015, the trial court sentenced Petitioner to life in prison without the possibility of parole.[4]

On September 29, 2015, Petitioner filed a notice of appeal with the Ohio Eighth District Court of Appeals.[5] In his appellate brief, Petitioner raised four issues:

(1) the trial court erred when it denied Petitioner's motion in limine and allowed the introduction evidence that violated Ohio Rules of Evidence and United States Constitution;

(2) there was insufficient evidence to convict Petitioner and the trial court erred when it denied Petitioner's motions for acquittal;

(3) Petitioner's convictions were against the manifest weight of the evidence;

(4) trial counsel provided ineffective assistance when counsel failed to object to the admission of Petitioner's inculpatory statements, failed to object to the state's reference to prejudicial facts that were not in evidence, and failed to file an indigency affidavit.[6]

On August 18, 2016, the Court of Appeals affirmed the trial court's judgment.[7]

On October 13, 2017, Petitioner moved for a delayed appeal with the Ohio Supreme Court.[8] On December 6, 2017, the Ohio Supreme Court denied Petitioner's motion.[9]

On February 9, 2018, Almazan filed a *pro se* petition for a writ of habeas corpus in this Court, under 28 U.S.C. § 2254. On April 23, 2018, Almazan filed an amended petition. On February 11, 2019, Amazan filed a supplement to his petition. In his filings, Petitioner

---

[4] Doc. 20-2 at 65.
[5] *Id*. at 67.
[6] *Id*. at 76–109.
[7] *Id*. at 150–78.
[8] *Id*. at 181.
[9] Doc. 20-2 at 220.

Case No. 4:18-cv-00342
GWIN, J.

relies on the same four issues he raised in his direct appeal before the Ohio Eighth District Court of Appeals.[10]

On April 30, 2018, Almazan's petition was automatically referred to a magistrate judge.[11] On February 5, 2021, this Court terminated the referral before receiving a Report and Recommendation.

## II. Discussion

Before reviewing the merits of a habeas petition claim, a federal court must ensure the claim is not procedurally defaulted.[12]. A petitioner procedurally defaults a claim if he fails to comply with an independent state procedural rule.[13]

In his habeas petition, Almazan relies on the same issues he raised in his direct appeal to the Ohio Eighth District Court of Appeals.[14] But Petitioner failed to file a timely notice of appeal with the Ohio Supreme Court.[15] Subsequently, the Ohio Supreme Court denied Petitioner's motion for a delayed appeal without opinion.[16]

An Ohio Supreme Court decision to deny a delayed appeal motion is a procedural ruling.[17] Therefore, all Petitioner's grounds for relief are procedurally defaulted.[18]

---

[10] In his amended *pro se* habeas petition, Almazan goes off on tangents that are difficult to follow. *See* Doc. 7; *see also* Doc. 20 at 11–14. To the extent Petitioner is attempting to raise new issues he did not include in his direct appeal, they are procedurally defaulted. *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006).

[11] Local Rule 72.2.

[12] *See Williams*, 460 F.3d at 805.

[13] *Id.*

[14] See Doc. 20-2 at 76–109; Doc. 1; Doc. 7; Doc. 24-1.

[15] *See* S.Ct.Prac.R. 7.01(A)(1)(a)(i).

[16] Doc. 20-2 at 220. "Where at state court is entirely silent as to its reasons for denying requested relief, we assume that the state court would have enforced any appliable procedural bar." *Bonilla v. Hurley*, 370 F.3d 494, 497 (6th Cir. 2004) (*citing Simpson v. Sparkman*, 94 F.3d 199, 203 (6th Cir. 1996)).

[17] *Bonilla*, 370 F.3d at 497.

[18] *See id.*

- 3 -

Case No. 4:18-cv-00342
GWIN, J.

To overcome procedural default, a petitioner must show that there was cause for the default and that actual prejudice has occurred as a result.[19] "Cause" is a legitimate excuse for the default, and "prejudice" is actual harm resulting from the alleged constitutional violation.[20] If a petitioner fails to show cause for his procedural default, the Court need not address the issue of prejudice.[21] A petitioner may also demonstrate a fundamental miscarriage of justice will occur if the claims are not considered; a fundamental miscarriage of justice results from the conviction of one who is "actually innocent."[22]

In his motion to the Ohio Supreme Court, Petitioner states he was unable to timely appeal because: (1) English is not his first language, (2) his appellate counsel did not inform him of the filing deadline, and (3) he was unaware of the deadline until he spoke with a jailhouse lawyer.[23]

Petitioner's stated justifications for the delay are insufficient to establish cause.

First, Petitioner's limited English skills cannot serve as cause.[24] Moreover, Petitioner's substantial pro se filings call into question his claimed English non-proficiency.

Second, to the extent Petitioner is arguing he missed the deadline due to ineffective appellate counsel, such a claim cannot serve as cause, because it is itself procedurally defaulted.[25]

Third, ignorance of appellate procedural rules cannot serve as cause.[26]

---

[19] *Lundgren v. Mitchell*, 440 F.3d 754, 763 (6th Cir. 2006).
[20] *Castro v. Harris*, No. 1:18-CV-1167, 2018 WL 3829101, at *3 (N.D. Ohio Aug. 13, 2018).
[21] *See Smith v. Murray*, 477 U.S. 527, 532 (1986).
[22] *Lundgren*, 440 F.3d at 764 (citing *Murray v. Carrier*, 477 U.S. 478, 496 (1986)).
[23] Doc. 20-2 at 181–90.
[24] *Bonilla*, 370 F.3d at 498.
[25] *See Edwards v. Carpenter*, 529 U.S. 446, 453 (2000). Petitioner did not apply to reopen his direct appeal within the applicable deadline. *See* Ohio App. R. 26.
[26] *Bonilla*, 370 F.3d at 498.

Case No. 4:18-cv-00342
GWIN, J.

Finally, Petitioner has not established that a fundamental miscarriage of justice will occur if the Court does not address Petitioner's claims on the merits. Nothing in Petitioner's filings suggests he is actually innocent.

Even if the Court were to consider the merits of Almazan's petition, it would still fail.

First, claims that a trial court erred when it admitted evidence in violation of state evidence rules are usually not cognizable on federal habeas review.[27] Moreover, Petitioner has not shown that the state appellate court's determination that the admission of the evidence did not violate Petitioner's federal rights[28] was contrary to or an unreasonable application of U.S. Supreme Court precedent.[29]

Second, sufficiency-of-the-evidence claims a state court adjudicated on the merits are subject to double deference.[30] This Court cannot say that the state appellate court's determination that there was sufficient evidence for a rational trier of fact to find Petitioner guilty of crimes for which he was accused was unreasonable.[31] Indeed, Petitioner's sister and girlfriend testified that Petitioner confessed to killing the victim.[32]

Third, manifest-weight-of-the-evidence claims are not cognizable on federal habeas review.[33]

---

[27] See *Bugh v. Mitchell*, 329 F.3d 496, 512 (6th Cir. 2003).
[28] Doc. 20-2 at 167. The state appellate court found the statement at issue was used for a non-hearsay purpose, to show Petitioner's motivation, and therefore, its introduction did not violate the Confrontation Clause. Supreme Court precedent is in accord. See *Tennessee v. Street*, 471 U.S. 409, 414 (1985).
[29] 28 U.S.C. § 2254(d).
[30] *Brown v. Konteh*, 576 F.3d 191, 204–205 (6th Cir. 2009).
[31] Doc. 20-2 at 168–70.
[32] *Id.* at 169.
[33] *Hoffman v. Lazaroff*, No. 18-3439, 2018 WL 5849894, *3 (6th Cir. 2018).

Case No. 4:18-cv-00342
GWIN, J.

Finally, ineffective-assistance-of-counsel claims a state court adjudicated on the merits are subject to the same double deference.[34] This Court cannot say that the state appellate court's application of *Strickland*[35] was unreasonable.[36] Even if we disregard Almazan's failure to show constitutionally inadequate representation, Petitioner did not establish that he suffered any resulting prejudice.[37]

### III. Conclusion

For the foregoing reasons, the Court **DENIES** Almazan's habeas corpus petition. The Court certifies that no basis exists upon which to issue a certificate of appealability.

IT IS SO ORDERED.

Dated: February 26, 2021          *s/      James S. Gwin*
                                  JAMES S. GWIN
                                  UNITED STATES DISTRICT JUDGE

---

[34] *Harrington v. Richter*, 562 U.S. 86, 105 (2011).
[35] *Strickland v. Washington*, 466 U.S. 668 (1984).
[36] *Harrington*, 562 U.S. at 101; *see* Doc. 20-2 at 172–77.
[37] *Id.* at 175–77.